Hear ye, hear ye. All persons having business with the Honorable, the United States Court of Appeals for the Ninth Circuit will now draw near. Give your attention, and you will be heard. God save these United States and this Honorable Court. Good morning, and welcome to the Ninth Circuit. Before we begin, Judge Thomas and I would like to thank Judge Bennett from the District of Maryland for joining us here. It's really a big help, and it's been a pleasure sitting with you this week. Thank you, Judge Mimoutet and Judge Thomas. It's a pleasure to be here. It's always an honor to sit with the Ninth Circuit. Delighted to be here. Great. And we have a number of cases submitted on the briefs today. I'll go ahead and submit them right now. United States v. Perry, United States v. Singh, Quintanilla-Vazquez v. Libre by Nexus, Inc., and Shaheed Batar for Congress Committee v. Hearst Communications will all be submitted as of this day. The first case for argument is Barkner v. Osem-Wenge. I hope counsel can correct me on that. Good morning, Your Honors. My name is Samuel Weiss. I represent the appellant, Mr. William Barker. I'd like to serve three minutes for rebuttal. May it please the Court. This is the second trip that this case has taken to this Court, and it's in the identical procedural posture. A — the district court screened on a Prison Litigation Reform Act pre-service screening order Mr. Barker's ADA claim. This Court vacated and remanded because that involved a misinterpretation of the ADA. Upon that remand, Mr. Barker amended his complaint, and the district court, once again, instead of serving the complaint and proceeding to Rule 12, sua sponte, dismissed his case, once again, doing so by misinterpreting the ADA. So we are back here before this Court, again, seeking reversal to proceed to service and the initiation of his disability law claims. We think that the allegations and the errors of the district court are pretty straightforward. So perhaps the correct place to start is Defendant's main point on appeal, which is that what exactly information should this court be looking at in making this determination? The district court looked only to the allegations in the complaint, which is certainly what 28 U.S.C. 1915a seems to require. There was one exception to this, and the exception, we think, proves the rule here. At ER 8, the district court said, because the manual to this Hoyer lift, which is what injured Mr. Barker, was referenced in the complaint, and because there was an uncontested copy of the manual, the district court felt that it could look at that, too. But it did not look at the previous record developed on a different claim against different defendants. What defendants ---- Wasn't that also law of the case, though, because it was decided in the previous appeal? That the fact that he used the the nurse used the lift properly? Yes, Your Honor. So that's what Defendant argues, that it's law of the case. We would make two points on that, which is that, first of all, we think defendants have waived any law of the case argument. They used it only in a footnote. Obviously, this Court could waive or discretionary, you can affirm on grounds, you could overlook it. We don't think ---- and there's really this law of the case argument they really used to make two points. We don't think either are applicable, for reasons I'll explain. We also think that defendants, because law of the case is a discretionary doctrine, that defendants had to actually ---- Well, putting that all aside, why is that relevant? So the ---- I mean, if the nurse used the lift properly, why do you lose? Well, so ---- well, for a couple of different reasons. I think so what this panel held was that by the standards of the Eighth Amendment, the nurse ---- there was no Eighth Amendment conditions of confinement claim for the use of the Hoyer lift. Wasn't there actually, as I understand it, wasn't there actually a ruling by this Court previously, and correct me if I'm wrong, Mr. Weiss, that it was the lift was medically appropriate and it met ADA standards? And as to that first step, that's already been decided, has it not? No, I don't believe it has. So it's not as to the ADA standards. It's true that there's language in that, as to the previous opinion, but I think there's two important reasons why that doesn't control here to both your and Judge Bumteh's question. And I agree this is sort of the central question of the appeal. The first is that the Eighth Amendment standard ---- so that's the language that the Court used, but the law that it was actually holding was that there was no Eighth Amendment claim against these individual officials for using the Hoyer lift. The Eighth Amendment, of course, is a very, very low bar. We're talking about cruel and unusual punishment. A reasonable accommodation of a disability is interpreting a statute passed by Congress. It's meant to be read broadly. And as this Court has repeatedly held, the reasonableness of accommodation is typically left for a factfinder. So the idea that whatever error with the Hoyer lift did not meet the Eighth Amendment standard, or whether there was no error at all that would be sufficient to implicate the Eighth Amendment, does not decide the ADA claim of a reasonableness of accommodation as a matter of law. And I think there's one point that makes that very clear, which is that, per that interpretation, it would render the previous panel's order totally incoherent or, pardon me, the opinion totally incoherent, because the same opinion that has that language that the two of your Honors are citing also vacated and remanded the ADA claim. So if that decisively resolved the ADA claim, it would not. Roberts. Well, that's my argument. I thought even if the lift was used properly, do you have any argument, ADA claim left or not? So I actually think that we do, although so for a couple of different reasons. One is that after the Hoyer lift was used improperly, they just left him there for a prolonged period of time. So do we have a claim about lack of meaningful access to toileting? Yes, absolutely. They just left him there. That's my question. So was that claim, was that in your — is that that type of claim that seems different than a lack of accommodation, right? It seems like some sort of discrimination. Like a deliberate indifference or deliberate indifference. It's not a lack of accommodation. Was that pled? It was pled. We think that's the same — we think that's the same part of the failure-to-accommodate claim. So this is because of his disability, he's — Well, that's quite different. So the accommodation claim is whether or not they provide him something to access the toilet. Right. And then the claim that he was left there for an hour is something different. Well, but he still isn't got — he still doesn't get to the toilet. He's just sitting there injured, not receiving meaningful access to the toilet. There are two different claims, I think, is what Judge Bumate is saying. And I'm not sure that you actually pled the second claim. Well, we think they're both — they're both about whether he received meaningful access to the service of toileting. And these are just two instances of the ways that he was not. One, he was injured in the transfer. And one is even afterwards, he was not — he was not given access because they left him sitting there. But again, I would just note that this interpretation of the panel's opinion as to whether or not he received meaningful access to the toilet, I don't think that's the best reading of the previous panel's decision. I just don't think that could possibly be the best reading of the previous panel's decision. Is this, in fact, a Fifth Amendment amended complaint? Is that correct? It is. A couple of those were for type — a couple of those were for typos, but yeah. So at least it's the third amended complaint, with two typos, I guess. It's something like the third amended complaint. I — that is certainly true, and yet we're here on de novo review of a screening order, which this Court has repeatedly held as a very low threshold. So we think that the allegations on the complaint get there. We believe the answer is yes. I'll reserve my time if there aren't further questions. Thank you.  Thank you, counsel. May it please the Court, Diana Esquivel for Appellee, the State of California. The Court properly dismissed the Fifth Amendment complaint because plaintiff failed to allege facts sufficient to state a plausible claim under the ADA. Plaintiff had been granted numerous opportunities to allege facts. This Court remanded the case following the appeal, the earlier appeal, with very specific instructions as to what was needed to state a viable ADA claim and RA claim. Yet Mr. Barker failed to do so. I want to address foremost the argument that my opposing counsel argued in terms of that the prior decision would have foreclosed if it's interpreted as making a conclusive finding that use of the Hoyer lift was appropriate under the circumstances and in the manner in which the nurses used it. That is incorrect. The Court remanded because there was a lack of facts as to what was the discriminatory conduct and what was the deliberate indifference conduct because none of those facts were alleged in the Second Amendment complaint that was before the Court in the first appeal. So when plaintiff finally submitted his Fifth Amendment complaint, the gist of that complaint is that the nurses improperly used the lift, contrary to the manual. Isn't it the thrust also that there was a prolonged delay in terms of receiving medical and nursing assistance? Correct, Your Honor. There are some vague allegations about that, but yet to the extent that Mr. Barker intended to assert an ADA claim under those facts, they're sufficient for the same reason this Court recognized the first time. Not only does he fail to allege facts that he was denied access to medical care by delaying the provision of the medical care because of his disability, there's no facts alleged in the complaint. It's all focused on whether the nurses properly used the Hoyer lift. Isn't there something in the record to the effect that one nurse said, I'm not going to assist him, and they had to go to another nurse? Correct me if I'm wrong, but I thought that's in the record. There's something alleged that someone actually said, I'm not going to assist him. That was Nurse Asamwenge? That's in the complaint, the existing complaint. He alleged that if the Hoyer lift was not used because Mr. Barker alleged that he wanted a two-person manual lift, and Nurse Asamwenge stated that if he wasn't going to use her lift, he wasn't going to use it. But yet in the complaint, he also alleges that there were two other nurses present, Nurse Ramaskol and Nurse Coloma, who could have then used the lift or did another approach. So by making that statement, that does not rise to the level of a discriminatory intent against Mr. Barker. It was merely Nurse Asamwenge's— Does it rise to the level of deliberate indifference? It does not. It does not because Nurse Asamwenge, as the complaint alleges, explicitly told Mr. Barker, I am going to use this lift in a way that it does not injure your groin area or your back, thereby indicating that he took into consideration Mr. Barker's concern about the use of the Hoyer lift. Also— Counsel, can I ask that even if the Hoyer lift was used properly, he does allege that he was left on the floor for an hour. Is that a claim in itself?  Your Honor, my understanding is that he is alleging that he was left in his wheelchair for an hour, and then when a nurse came to check on him, he was left additional time. The problem with those allegations is that they suffer from the same deficiency that this court noted during the first appeal, that there is no connection between that conduct and his disability. You're saying that he wasn't deprived of the ability to use toiling surfaces just because by simple fact of being left there an hour? Well, there's not enough allegations, Your Honor. That is why the district court dismissed it. The complaint still suffers from inadequacy of facts. Do you think that the complaint adequately alleges that second type of claim, that the hour by itself was a violation of the ADA, or was it all just a reasonable accommodation? I'm sorry. If I understood your question is whether I believe that there are sufficient facts to state a claim under the ADA. No, I'm just asking whether or not the complaint alleges that second type of claim. In my head, there seems to be two claims, one that's failure to accommodate because the Hoyer lift was inappropriate, and then two, some sort of discrimination because he was left there for an hour. Right. Well, again, like I said, Your Honor, the problem with that allegation is that there's not sufficient facts to show that he was that the provision of medical care was delayed on account of his disability. Well, I'm just simply asking, do you think he properly alleged that, that second type of claim? medical assistance once his back was injured during the use of the Hoyer lift? But again, Your Honor, I think the important thing here is that the focus of the Fifth Amendment complaint is that the Hoyer lift was improperly used. This court already resolved that factual issue. The fact that it arose in the Eighth Amendment context during the first appeal does not change that factual finding. That factual finding is equally applicable to an ADA claim where it arises under two contexts, whether it's discriminatory intent or failure to accommodate. In this case, Mr. Barker's theory is that he was not given a reasonable accommodation, but yet the finding that the Hoyer was properly used, it then logically follows that using it in the manner in which it did was a reasonable accommodation. Unless the court has any further questions, I would ask that it affirm the judgment of the district court. Thank you. Thank you, counsel. Okay, thank you, Your Honors. I think if you look at ER 17, I think that there is a mention of, in his ADA claim, about that the prolonged delay was part of the reasonable accommodation. And I'll just note again, this is a procedural posture that is supposed to be extremely favorable to plaintiffs. Right. So even if that prolonged delay was the ADA claim, the complaint doesn't say that he was denied toileting services because of that prolonged delay. Well, I think that it alleges that he was denied meaningful access to various services, including toileting, by this whole experience. I think if this court wanted to carve out the Hoyer left on law of the case grounds, which again we would disagree with, we think that still fits in the failure to accommodate claim. Like the question is —  You basically just said, well, the complaint says treatment was delayed. Right. That's nothing more. Well, I think the question is, is toileting a program service or activity under the ADA? It is. Did he lack meaningful access to it for that hour? Yes, he did. Did he request an accommodation? He did help to get to the toilet. Was he denied it? Yes. Was he? Yes. We don't know. Well, whether or not the complaint — I mean, I've read the deposition. I've read all of your material. Yeah. It seems to be a blank set of facts as to what happened. I agree. I agree that it's a blank. And I would also note, I think that it would be more appropriate to, under 28-1915A, to examine the complaint for whether it has any chance of stating a claim. It clears that low threshold. I believe that it does. But the difficulty, you were up here before, and the panel said, here's what you have to do to amend your complaint to solve it. And as I look at the new complaint, I'm not sure that it complies with what the other panel instructed. Well, yes, Your Honor. I actually think that it does. So I think — and I think a useful exercise potentially could be to just actually sit with the two allegations. So the previous operative complaint is at S.E.R. 48-49. Right. The current one is at E.R. 13-15. They said two things. One, causation, which is really about the reasonableness of the accommodation. And the second is deliberate indifference. And the allegations that Barker added were about notice, about that Osunwingi and Ramaskal had seen him around, knew his medical conditions, had helped him with the lift before, knew that he had these issues, and then more details about sort of these critical few minutes. So the court was concerned about notice for deliberate indifference, like the subjective knowledge of the defendant. We think that the amended complaint takes care of that. And as for causation, which is really about the reasonableness of the accommodation, we think the complaint actually adds several things in there, too. Any other questions? Okay. Thank you, Your Honor. Thank you, counsel. This case is submitted.
judges: THOMAS, BUMATAY, Bennett